IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **VIRGIN ATLANTIC AIRWAYS LIMITED**, | |
| Plaintiff, | C.A. No. |
| v. | **DEMAND FOR JURY TRIAL** |
| **DELTA AIRLINES, INC.**, | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

**NATURE OF THE ACTION**

1. This is a civil action for infringement of United States Patent No. 7,469,861. This action arises under the laws of the United States relating to patents, including 35 U.S.C. § 281.

**THE PARTIES**

2. Plaintiff Virgin Atlantic Airways Limited ("Virgin Atlantic") is a corporation organized and existing under the laws of the United Kingdom and Wales, with its principal place of business at Company Secretariat, The Office, Manor Royal, Crawley, West Sussex, United Kingdom RH10 9NU.

3. On information and belief, Defendant Delta Air Lines, Inc. ("Delta") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 1030 Delta Boulevard, Atlanta, Georgia 30320-6001.

## JURISDICTION AND VENUE

4.    This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101 *et seq.*

5.    On information and belief, Delta is subject to personal jurisdiction in this district because it is a corporation duly incorporated under the laws of Delaware and it has purposefully engaged in activities giving rise to this claim for patent infringement that were and are directed at this judicial district.

6.    Venue properly lies within the District of Delaware pursuant to the provisions of 28 U.S.C. §§ 1391(b), (c) and (d) and 28 U.S.C. § 1400(b), because Delta maintains or has maintained continuous and systematic contacts with this judicial district, and because Delta is subject to personal jurisdiction in this state and resides in this judicial district for purposes of 28 U.S.C. §§ 1391(c) and 1400(b).

## BACKGROUND

7.    The design of aircraft cabin layouts is a complex endeavor involving consideration of numerous factors, such as comfort and safety, in a constrained environment. Aircraft seat design must adhere to numerous regulatory constraints, such as height and width allowances, ample space for air circulation, alignment with oxygen masks and installation at specific angles to the longitudinal axis of the aircraft. Within these and other safety constraints, aircraft seat design must also address the human element and be attractive and comfortable to the flying consumer.

8.    Over the years, first and business class aircraft seat designs have evolved to offer more comfort and space, while adhering to regulatory constraints and allowing for commercial success. More recently, airlines implemented "herringbone" configurations of

lie-flat seats in first and business class cabins, in which each seat is set at an angle from the longitudinal axis of the airplane. This herringbone configuration provides increased seat density and passenger comfort.

9. Initially, herringbone configurations faced outward with the passengers' feet angled toward the exterior wall of the aircraft to provide passenger privacy. However, while providing privacy and comfort, the outward configuration forced passengers to climb over each other to access the aircraft aisle. And the marginally higher seat density of such outward-facing herringbone designs were not acceptable for business class, where a significantly higher seat density is an economic necessity.

10. To address passenger interests and concerns, Virgin Atlantic developed and patented an innovative, inward-facing herringbone seat design, which afforded more comfort and space, allowed a passenger to lie flat, and enabled passengers to access the aisle without disturbing other passengers. Additionally, Virgin Atlantic's inward-facing herringbone design allowed for a significantly increased seat density, making it useful for business class applications. Virgin Atlantic's commercialization of its innovative seating design was a great success, and Virgin Atlantic realized significant gains in first and business class passengers because of its advantageous and innovative seat design.

## THE ASSERTED PATENT

11. United States Patent No. 7,469,861 ("the '861 patent") was issued on December 30, 2008 to David Ferry, Adam Bernard Wells, Luke Miles, Andrew Leslie Lawler, David Edward Starkey, Simon Frederick Mills and Gary Doy. A copy of the '861 patent, titled "Seating System And A Passenger Accommodation Unit For A Vehicle," is attached as Exhibit A.

12. Virgin Atlantic is the owner by assignment of the '861 patent.

## **CLAIM FOR INFRINGEMENT AGAINST DELTA**

13. On information and belief, third party Premium Aircraft Interiors UK Ltd., trading as Contour ("Contour"), has developed a lie-flat sleeper suite seating system called the "Solar Eclipse."

14. On information and belief, defendant Delta selected Contour to supply the Solar Eclipse for installation in Delta's BusinessElite aircraft cabins. The Solar Eclipse seating system practices one or more claims of the '861 patent, including at least claims 1 and 13.

15. On information and belief, Contour and/or third party The Boeing Company ("Boeing") has imported the infringing Solar Eclipse seating systems into the United States for defendant Delta, for installation in the BusinessElite cabins of all Delta Boeing 777-232 and 777-232LR aircraft registered in and operating from the United States, without authority or license from Virgin Atlantic.

16. On information and belief, on behalf of defendant Delta, Boeing has installed the infringing Solar Eclipse seating systems in the United States in the BusinessElite cabins of all Delta Boeing 777-232 and 777-232LR aircraft registered in and operating from the United States, without authority or license from Virgin Atlantic.

17. On information and belief, Delta uses the infringing Solar Eclipse seating system in the United States in the BusinessElite cabins of all Delta Boeing 777-232 and 777-232LR aircraft registered in and operating from the United States, without authority or license from Virgin Atlantic.

18. On information and belief, defendant Delta has directly infringed and continues to directly infringe one or more claims of the '861 patent, both literally and under the doctrine of equivalents, by making, using, selling, offering for sale and/or importing infringing Solar Eclipse seating systems in the United States.

19. On information and belief, defendant Delta has actively induced and continues to actively induce infringement of one or more claims of the '861 patent, both literally and under the doctrine of equivalents, by intentionally causing others, including at least third party Boeing and/or third party Contour, to make, use, sell, offer for sale and/or import infringing Solar Eclipse seating systems in the United States.

20. On information and belief, defendant Delta has contributorily infringed and continues to contributorily infringe one or more claims of the '861 patent, both literally and under the doctrine of equivalents, by importing into the United States, selling and/or offering to sell infringing Solar Eclipse seating systems that (1) constitute a material part of the invention of the '861 patent, (2) Delta knows to be especially adapted for use in infringing the '861 patent, and (3) are not staple articles of commerce suitable for substantial noninfringing use with respect to the '861 patent.

21. Defendant Delta had knowledge of the '861 patent and notice of its infringement of the '861 patent before the filing of this lawsuit. Since at least March 21, 2007, Delta has been on notice that its implementation of the infringing Solar Eclipse seating systems is within the scope of the disclosure of the published '861 patent application and its international equivalents. (*See* Exhibit B.)

22. On information and belief, the infringement of the '861 patent by defendant Delta has been and continues to be deliberate and willful. Defendant Delta has acted despite an objectively high likelihood that its actions constitute infringement of the '861 patent, and knew or should have known of the risk associated with its deliberate actions.

## PRAYER FOR RELIEF

**WHEREFORE,** Virgin Atlantic respectfully requests that this Honorable Court enter judgment as follows:

A. Declaring that Delta has infringed and is infringing the claims of the '861 patent;

B. Declaring that Delta's infringement of the '861 patent is deliberate and willful;

C. Compensating Virgin Atlantic for all damages caused by Delta's infringement of the '861 patent;

D. Enhancing Virgin Atlantic's damages up to three times their amount under 35 U.S.C. § 284;

E. Granting Virgin Atlantic pre- and post-judgment interests, together with all costs and expenses;

F. Granting Virgin Atlantic its reasonable attorneys' fees under 35 U.S.C. § 285;

G. Granting a permanent injunction enjoining and restraining Delta and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with it, from making, using, offering to sell, selling, and importing into the United States any product, or using, offering to sell, or selling any service, that fall within the scope of any claim of the '861 patent; and

H. Awarding such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Virgin Atlantic respectfully requests a trial by jury on all claims so triable.

DATED: January 18, 2011  **EDWARDS ANGELL PALMER & DODGE LLP**

  */s/ John L. Reed*
John L. Reed (I.D. No. 3023)
Denise Seastone Kraft (I.D. No. 2778)
919 N. Market Street, Suite 1500
Wilmington, DE 19801
(302) 777-7770 (Phone)
(302) 777-7263 (Facsimile)

**OF COUNSEL:**
Sean C. Cunningham
John D. Kinton
Megan E. McCarthy
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
(619) 699-2900 (Phone)
(619) 764-7620 (Facsimile)   *Attorneys for Plaintiff Virgin Atlantic Airways Limited*