# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| VIRGIN ATLANTIC AIRWAYS LIMITED | ) | |
|---|---|---|
| Plaintiff/Counterclaim Defendant, | ) | |
| v. | ) | Civil Action No. 11-61-LPS-CJB |
| DELTA AIRLINES, INC., | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

## ORDER

At Wilmington, Delaware this **3rd day of July, 2013**.

WHEREAS, on January 7, 2013, the Court held a telephonic conference regarding two outstanding discovery disputes (D.I. 170);

WHEREAS, on February 1, 2013, Plaintiff Virgin Atlantic Airways Limited ("Virgin Atlantic") filed an Unopposed Motion to Seal the January 7, 2013 Teleconference Transcript, in which Plaintiff states that "[c]ertain information disclosed during the teleconference is highly sensitive and not a matter of public record" and that there is "good cause for sealing of this information to protect Virgin Atlantic's highly confidential and sensitive information" (D.I. 167);

WHEREAS, in an Order dated February 1, 2013, the Court ordered that the transcript from the teleconference shall remain sealed pending Virgin Atlantic's submission to the Court of proposed redactions to the transcript and the Court's subsequent review of the submission (D.I. 168);

WHEREAS, on February 13, 2013, Virgin Atlantic submitted its proposed redactions to the transcript, (D.I. 171), which redactions consist of the following:

Page 15, lines 7-10 (entire lines)

Page 18, lines 12-24 (entire lines)

Page 19, line 1 (entire line)

Page 19, lines 20-24 (entire lines)

Page 20, line 1 (entire line)

Page 20, line 24 (entire line)

Page 21, lines 1-3 (entire lines)

Page 21, lines 15-17 (entire lines)

Page 22, lines 9-24 (entire lines)

Page 23, lines 1-4 (entire lines)

Page 23, lines 9-18 (entire lines)

Page 24, lines 1-7 (entire lines)

Page 25, line 6 (after "context.")

Page 25, lines 7-10 (entire lines)

Page 25, line 24 (entire line)

Page 26, lines 1-9 (entire lines)

Page 27, lines 2-6 (entire lines)

Page 30, lines 17-24 (entire lines)

Page 31, lines 1-2 (entire lines)

Page 31, lines 5-24 (entire lines)

Page 32, lines 1-6 (entire lines)

Page 32, line 7 (before "one")

Page 32, lines 12-24 (entire lines)

Page 33, lines 1-4 (entire lines)

Page 35, line 14 (after "plan.")

Page 35, lines 15-19 (entire lines)

Page 36, line 1 (after "value.")

Page 36, lines 2-3 (entire lines)

Page 38, line 17 (entire line)

Page 38, line 18 (before "is")

Page 39, line 1 (after "it")

Page 39, line 2 (before ", sheds")

Page 39, line 14 (after "burden.")

Page 39, lines 15-20 (entire lines)

Page 40, lines 12-19 (entire lines)

Page 41, lines 3-11 (entire lines)

Page 43, lines 2-5 (entire lines)

Page 43, line 6 (before "I'm")

WHEREAS, the Court finds that good cause exists to believe that disclosure of these portions of the transcript would work a "clearly defined and serious injury" to Virgin Atlantic, *see Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks and citation omitted), in that the redactions relate to sensitive information, deemed irrelevant to this litigation by the Court, and that is not a matter of public record;

THEREFORE, it is HEREBY ORDERED that the electronic transcript from the January 7, 2013 teleconference with the Court shall be sealed, and a redacted version of the transcript,

containing the redactions delineated above, shall be filed on the docket by the Clerk of the Court upon receipt from the court reporter.

/s/ Christopher J. Burke
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE